UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>Plaintiff,<br><br>v.<br><br>G. RAMEY, et al.,<br><br>Defendants. | Case No. 18-01450 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that he is a practitioner of the "original Hebrew faith (Black Jews) religions," and that he teaches other inmates in the way of this religion. (Compl. at 5.) Plaintiff claims that "[o]n or about 3rd quarter 2015-2016," Defendant G. Ramey would make "foul derogatory remarks ridiculing the Plaintiff's Hebrew religious faith," which intimidated and deterred Plaintiff from exercising his First Amendment right to the free exercise of religion. (*Id.* at 5, 14.) Defendant Ramey made threats of retaliation against Plaintiff for filing a lawsuit against prison staff on December 29, 2015. (*Id.* at 6.) A few days later on December 31, 2015, Defendants Holmes and Afnan informed him that his medical ADA accommodations were expired, and therefore were confiscating his back and neck braces; they stated that they were instructed to do so by Defendant Ramey. (*Id.* at 7.) Defendant Afnan later provided Plaintiff with a copy of the medical chrono authorizing the confiscation. (*Id.* at 8.) However, when Plaintiff inquired about the matter to the SVSP medical records office, he was informed that there was no such order from a doctor authorizing the confiscation of his equipment in his C-file, and that the chrono provided by Defendant Afnan was a "fake chrono." (*Id.* at 8, Exs. 3 and 4.) Plaintiff claims he suffered a fall and injured himself for lack of his braces, and that Defendants continued to refuse to return them. (*Id.*) Plaintiff claims that he when informed Defendant Sullivan about the situation with the other Defendants on January 8, 2016, Defendant responded with hostility and implied that Plaintiff would have suffered the loss of his back and neck braces "[i]f [Plaintiff] would stop filing those damn lawsu[i]ts and cooperate with us." (*Id.*

at 9.) Plaintiff claims that on June 16, 2016, Defendant Ramey again confiscated his replacement back and neck braces. (*Id.* at 10-11.) When Defendant Sullivan came to interview him on August 12, 2016, in response to an inmate grievance he filed regarding the incident, he informed Plaintiff that "If you will dismiss your 602 Appeal and agree to not file a lawsuit against us, I'll make sure that you get your back & neck braces returned." (*Id.* at 12.) Based on the foregoing, Plaintiff states cognizable claims under the First Amendment for retaliation and the violation of his right to the free exercise of religion, as well as an Eighth Amendment claim for the deliberate indifference to his medical needs based on Defendants' confiscation of his back and neck braces and continual interference in obtaining replacements.

Plaintiff fails to state sufficient facts to support a Fourteenth Amendment claim for violations of due process or equal protection. According to Plaintiff, the deprivation of his property was unauthorized based on the "fake chrono." Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).[1] Accordingly, Plaintiff cannot state a due process claim based on the intentional and unauthorized deprivation of his property. *Id.* Furthermore, Plaintiff makes no allegation that he received disparate treatment from Defendants in comparison to their treatment of prisoners practicing other religions to support an equal protection claim. An inmate "'must set forth specific facts showing a genuine issue' as to whether he was afforded a reasonable opportunity to pursue his faith as compared to prisoners of other faiths" and that "officials intentionally acted in a

---

[1] The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

3

discriminatory manner." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). The fact that Defendant Ramey made "foul derogatory remarks" is not sufficient to establish that Plaintiff was otherwise not afforded a reasonable opportunity to pursue his faith as compared to other prisoners. *Id.* Accordingly, Plaintiff fails to state an equal protection claim.

This case shall proceed on the cognizable claims under the First Amendment and Eighth Amendment discussed above. *See supra* at 3. The claims under the Fourteenth Amendment are DISMISSED for failure to state a claim.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Sgt. G. Ramey, Correctional Officer Holmes, Capt. P. Sullivan, and Nurse Afnan** at the **Salinas Valley State Prison** (P.O. Box 1050, Soledad, CA 93960). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is

necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

5

the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: Aug 6, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.18\01450Crayton_svc

6