UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br>  Plaintiff,<br>v.<br>G. RAMEY, et al.,<br>  Defendants. | Case No. 18-01450 BLF (PR)<br>**ORDER OF SERVICE ON DEFENDANT NURSE AFNAN BUTT** |

Plaintiff, a California inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). On August 6, 2018, the Court issued an order of service on Plaintiff's cognizable claims. (Docket No. 11.) On August 13, 2018, the Clerk mailed Notices of Lawsuit and Request for Waiver of Service of Summons and Waivers of Service of Summons to Defendants at SVSP. (Docket Nos. 13, 14, 15, and 16). On August 17, 2018, the documents mailed to Defendant Nurse Afnan were returned unexecuted. (Docket No. 17.) On October 19, 2018, the Court issued an order directing Plaintiff to provide more information regarding the whereabouts of Defendant Afnan. (Docket No. 26.) Plaintiff has filed a response to the Court's order indicating that Defendant Afnan's full name is "Afnan Butt." (Docket No. 30.) Plaintiff further declares that Defendant Afnan Butt is currently employed at SVSP. (*Id.*)

Accordingly, the Court orders the matter served on Defendant Butt at SVSP.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Nurse Afnan Butt** at **Salinas Valley State Prison** (P. O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendant shall file a motion for summary judgment or other dispositive motion with

2

respect to the claims in the complaint found to be cognizable above.

        a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.     **In the event Defendant filed a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    5.     Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.     All communications by the Plaintiff with the Court must be served on

Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: November 20, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Service on Def. Afnan Butt
PRO-SE\BLF\CR.18\01450Crayton_svc2

4